1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIO CRUZ BERNABE,

               Petitioner,

    v.

KRISTI NOEM et al.,

               Respondents.

CASE NO. 25-cv-02709-JHC

ORDER

This matter comes before the Court on Petitioner's Motion for Temporary Restraining Order. Dkt. # 2. The Court has reviewed the Motion, pertinent portions of the record, and the applicable law. More than 24 hours after Petitioner's case was transferred to this district and more than 48 hours after Petitioner's motion was filed, Respondents' Counsel has not appeared or indicated that they intend to respond. *See* LCR 65(b)(5). For the reasons below, the Court GRANTS the Motion.

District courts may grant a temporary restraining order (TRO) "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending. *Alvarado v. Wamsley*, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)). To receive a TRO, a petitioner must establish: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3)

"that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to that of a preliminary injunction). In the Ninth Circuit, a petitioner can also receive a TRO by showing that there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, the Court finds that a TRO is warranted. Petitioner has shown that there are "serious questions going to the merits" of his due process claim. He has also shown that without preliminary injunctive relief, he is at serious risk of being removed or transferred, either of which would cause irreparable harm. Indeed, Petitioner has already been transferred from the District of Oregon to the Western District of Washington. *See* Dkt. ## 7, 9. The Court also finds that the balance of hardships and the public interest weigh sharply in favor of granting Petitioner's requested TRO, especially because Defendants have provided no reasons for why the Motion should be denied. The Court is also of the opinion that Petitioner's requested relief—an injunction preventing Respondents from removing or transferring him while his petition for writ of habeas corpus is pending—is not an extraordinary remedy. Rather, it is a necessary measure to preserve the Court's jurisdiction and maintain the status quo while the habeas petition is being resolved.

//

//

//

//

Accordingly, the Court GRANTS Petitioner's Motion, Dkt. # 2, and ORDERS:

(1) Petitioner's request for a Temporary Restraining Order is GRANTED.  Respondents and all of their respective officers, agents, servants, employees, attorneys and persons acting on their behalf in concert or in participation with them are hereby enjoined and restrained from:

    a.    Removing or deporting the Petitioner from the United States while these proceedings are pending; and

    b.    Transferring the Petitioner from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings.

Dated this 30th day of December 2025.

John H. Chun
United States District Judge

ORDER - 3