UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIO CRUZ BERNABE,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 2:25-cv-02709-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioner Mario Cruz Bernabe is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 20-1 at 2; Dkt. 20-2 at 3–4; *see* Dkt. 7. He entered the United States without inspection years ago and was apprehended by immigration officers in Portland, Oregon on December 26, 2025. Dkt. 26 at 8; Dkt. 20-2 at 3–4. On January 20, 2026, he requested a custody redetermination before an Immigration Judge ("IJ") and was denied on the basis that he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 28 at 4. The IJ set bond in the alternative in the amount of $15,000. *Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On the same day as his arrest, Cruz Bernabe filed a petition for writ of habeas corpus in the District of Oregon, arguing that his arrest and subsequent detention violated his constitutional rights. Dkt. 1 ¶¶ 48–56. The next day, the parties stipulated to transfer this matter to this district because Cruz Bernabe had been transferred from a Portland immigration facility to NWIPC. Dkt. 7 at 2. On January 7, 2026, Cruz Bernabe amended his habeas petition to claim membership in the *Rodriguez Vazquez v. Bostock* Bond Denial Class. Dkt. 17. On January 8, Federal Respondents filed a return to the amended petition.[1] Dkt. 19. The case was then reassigned to the undersigned district judge. Dkt. 22. The habeas petition is now ripe for the Court's review. For the following reasons, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Cruz Bernabe argues that Respondents have unlawfully subjected him to mandatory detention consistent with their practice of treating every person who entered the United States without inspection as an "applicant for admission" who is "seeking admission" under § 1225(b)(2). Dkt. 26 at 11–12. In *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, holding that their detention under

---

[1] Following an order to show cause (Dkt. 24), Cruz Bernabe filed a second amended petition adding NWIPC warden Bruce Scott as a Respondent. Dkt. 26. Federal Respondents have indicated that they intend to rely on their previous return. Dkt. 31.

§ 1225(b)(2) was unlawful under the Immigration and Nationality Act ("INA"). ---F.Supp.3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). The Court defined the Bond Denial Class to include the following individuals:

> All noncitizens without lawful status detained at [NWIPC] who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* at *6. While Federal Respondents express their continued disagreement with *Rodriguez Vazquez*, they do not dispute that Cruz Bernabe is a member of the Bond Denial Class for purposes of this matter. Dkt. 19 at 2–3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and concludes that Cruz Bernabe, who resided in the United States for years before his apprehension by immigration agents, is not "seeking admission" and thus cannot be subject to mandatory detention under § 1225(b)(2). *See* No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Instead, he is subject to detention under § 1226(a), which permits release on bond. *Id.*

#### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 26) is GRANTED.

2.    Within ONE day of this Order, Respondents must either release Petitioner Mario Cruz Bernabe or allow his release upon payment of the alternative bond amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Dated this 22nd day of January, 2026.

Tiffany M. Cartwright
United States District Judge